# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-975 PA (SSx) | Date | July 7, 2011 |
|---|---|---|---|
| Title | Ryan Brongers, et al. v. 2 B Free, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - ORDER TO SHOW CAUSE

    Before this Court is a First Amended Complaint ("FAC") filed by plaintiffs Ryan Brongers and Jonathan Dahan (collectively "Plaintiffs"). Plaintiffs allege that this Court has jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

    The Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1. Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986). In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

    The FAC alleges claims under the Copyright Act, 17 U.S.C. § 101, et seq., against defendants Cedric Benaroch, Yves Benaroch, Marie Benaroch, Danny Guez, Dylan George Apparel, Inc., and Country Love Clothing, LLC. The Court has original jurisdiction over Plaintiffs' copyright claims pursuant to 28 U.S.C. § 1331. The FAC also alleges claims under state law for fraud, breach of fiduciary duty, and breach of contract against defendants Cedric Benaroch, Yves Benaroch, and 2 B Free. The FAC alleges that this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

    28 U.S.C. § 1367(a) states that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constituion." "Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." Kuba v. 1-A Agric. Ass'n, 387 F.3d 850, 855-56 (9th Cir. 2004)(quoting Trs. of the Constr. Indus. & Laborers Health & Welfare v. Desert Valley Landscape & Maint., Inc., 333 F.3d 923,

SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-975 PA (SSx) | Date | July 7, 2011 |
|---|---|---|---|
| Title | Ryan Brongers, et al. v. 2 B Free, et al. | | |

925 (9th Cir. 2003)).

Here the operative facts in Plaintiffs' federal claim consist of allegations that the defendants infringed on Plaintiffs' copyright by selling clothing featuring Plaintiffs' designs without a license. In contrast, the operative facts of Plaintiffs' state law claims consist of allegations that Cedric and Yves Benaroch fraudulently induced Plaintiffs into entering a partnership to market and brand 2 B Free's products and then breached a contract to pay Plaintiffs a share of the profits. The FAC does not allege that this partnership had anything to do with Plaintiffs' copyrighted designs or the alleged infringement of those designs. Aside from the presence of Cedric and Yves Benaroch as defendants, there is no relation between Plaintiffs' federal claims and their state law claims. As such, there appears to be no basis for supplemental jurisdiction over Plaintiffs' state law claims, nor does the FAC allege any other basis for this Court's jurisdiction.

Accordingly, the Court orders Plaintiffs to show cause in writing why their state law claims should not be dismissed for lack of jurisdiction. Plaintiffs shall file their response to this order to show cause no later than July 21, 2011. Failure to file a response by this date may result in the imposition of sanctions, including the dismissal of this action without prejudice.

IT IS SO ORDERED.